Kurtiss A. Jacobs, LL.M. # 218950
Donald Sherrill # 266038
151 Bernal Road Suite 8
San Jose CA 95119-1306
Telephone: (408) 362-2270
Facsimile: (408) 362-2299

Attorneys for Defendant Hunt & Henriques
File No. 1151244

# United States District Court

# Southern District of California

| | |
|---|---|
| Judith Serrano,<br><br>    Plaintiff,<br><br>    vs.<br><br>Hunt & Henriques,<br>erroneously sued as<br>Hunt & Henriques, Inc.,<br><br>    Defendant. | Case 3:19-cv-00393-MMA-MDD<br><br>**Answer to Complaint** |

<u>Introductory statement regarding name of intended defendant</u>: Hunt & Henriques, Inc. (HHI), has no employees and has never conducted any business. Hunt & Henriques (H&H) has attempted to collect a financial obligation (perhaps a "debt" as defined by 15 USC § 1692a(5) or perhaps not) from Judith Serrano but has never used the name Hunt & Henriques, Inc., in that attempt. H&H could sit by while HHI defends, knowing that plaintiff cannot prove that HHI committed any acts at all, much less "illegal actions" as alleged at 1:20-21 of the complaint. But to achieve a judgment on the merits, H&H acknowledges that it is the entity that engaged in all communications that actually occurred and are alleged in the complaint. If plaintiff wishes to contest this fact, then she may ask the court to permit her to reply to the answer. H&H answers as if it had been correctly named:

## DENIALS AND ADMISSIONS

### Introduction

1. Admit that plaintiff brings this action. Deny that the action results from any illegal actions of H&H or its agents. Object to the characterization of the financial obligation that H&H attempted to collect from plaintiff as a "debt," which has a narrow definition under the statutes that plaintiff invokes and does not have the same meaning as the dictionary definition of the word. Deny that H&H or anyone acting on its behalf unlawfully or abusively attempted to collect a financial obligation. Deny that any attempt to collect a financial obligation caused plaintiff damages.

2. Paragraph 2 contains a definition of plaintiff's allegations, which becomes true merely by being stated, and for that reason does not require (and does not permit) a denial or an admission.

### Jurisdiction and venue

3. Admit that this court has subject matter jurisdiction under 28 USC §§ 1331 and supplemental jurisdiction under § 1367 and that 15 USC § 1692 *et seq.* is a "law[ ] of the United States" under which 28 USC § 1331 applies.

4. Deny.

5. Admit.

6. Admit that Hunt & Henriques (but not the actual named defendant Hunt & Henriques, Inc.) conducted business in the State of California.

### Parties

7. Admit.

8. Admit.

9. Object to the undefined term "consumer," which has specific legal meanings in the context of various consumer protection statutes, and object that plaintiff must satisfy her *Iqbal/Twombly* burden of pleading her status without shortcutting that burden by sloughing over the term in this

preliminary paragraph. Admit that plaintiff was obligated to pay a financial obligation. Object to the use of the undefined term "debt," which has a narrow definition under 15 United States Code § 1692a(5), under which "The term 'debt' means any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment." Plaintiff has not alleged this ultimate fact, so she cannot offer evidence on this point.

10. Admit that H&H uses mail in a business the principal purpose of which is the collection of *financial obligations* some of which may be "debts" as defined by 15 USC § 1692a(5) (but undefined in plaintiff's complaint). Admit that H&H regularly attempts to collect *financial obligations* owed to another, some of which may be "debts" as defined by 15 USC § 1692a(5) (but undefined in plaintiff's complaint).

11. Admit that plaintiff is a natural person. H&H has no information regarding the actual purpose for which plaintiff used the credit account at issue; therefore does not know whether the financial obligation on which she defaulted is a "consumer debt" as defined by Civil Code § 1788.2(f) or whether plaintiff is therefore a "debtor" as defined by Civil Code § 1788.2(h); and on that basis, denies.

12. Deny that H&H is a debt collector as defined by the Rosenthal Fair Debt Collection Practices Act.

13. H&H has no information regarding the actual purpose for which plaintiff used the credit account at issue; therefore does not know whether the debt at issue is a "consumer debt" as defined by Civil Code § 1788.2(f); and on that basis denies. H&H objects to the allegation in paragraph 13 as containing a legal conclusion and not an ultimate fact, in violation of the federal pleading

standard as stated in *Iqbal* and *Twombly*.

**Factual allegations**

14. H&H has no information regarding the actual purpose for which plaintiff used the credit account at issue; therefore can neither admit nor deny that the financial obligation that plaintiff owes is a "debt"; and denies on that basis. Because H&H cannot admit that the financial obligation is a "debt" as defined by § 1692a(5), it can neither admit nor deny that its communications fall within the definition of § 1692a(2); and on that basis, denies. Deny that Civil Code § 1788.2(b) applies to law firms.

15. Admit that plaintiff incurred a financial obligation to Citibank, N.A. H&H has no information regarding the actual purpose for which plaintiff used the credit account at issue; therefore cannot admit that the credit card was a consumer credit card or that the financial obligation was a consumer debt as defined by Civil Code § 1788.2(f); and on that basis denies.

16. H&H has no information regarding the actual purpose for which plaintiff used the credit account at issue, and on that basis denies.

17. Admit that after August 23, 2014, plaintiff ceased making payments to Citibank on the account at issue. H&H has no way of knowing whether this was because she "was no longer able to make" such payments. While admitting that plaintiff owes a debt to Citibank as "debt" is defined in the dictionary, H&H has no information regarding the actual purpose for which plaintiff used the credit account at issue and cannot admit that the financial obligation is a "debt" as defined by § 1692a(5), and on that basis denies the characterization of the financial obligation as a "debt."

18. Admit that plaintiff's financial obligation to Citibank was purchased by Portfolio Recovery Associates, LLC. H&H has no information regarding the actual purpose for which plaintiff used the credit account at issue and cannot admit that the financial obligation is a "debt" as defined by § 1692a(5), and

on that basis denies the characterization of the financial obligation as a "debt."

19. Admit that PRA placed the *account* to H&H for collection. H&H has no information regarding the actual purpose for which plaintiff used the credit account at issue and cannot admit that the financial obligation is a "debt" as defined by § 1692a(5), and on that basis denies the characterization of the financial obligation as a "debt."

20. Admit.
21. Admit.
22. Admit.
23. Admit.
24. Admit.
25. Admit.
26. Deny that the information stated has been provided "Since that time" as alleged, as this phrase implies that the same information is still being conveyed. Admit that *after* that time, such communications occurred for approximately 13 months.
27. Admit.
28. Admit.
29. Object to the allegation as false and misleading. H&H admits that it knew that counsel represented plaintiff with respect to the *financial obligation* on which H&H had filed a lawsuit. But the italicized phrase "*PRA v. Serrano*" implies a lawsuit, and counsel did not represent plaintiff in the lawsuit; no responsive pleading had been filed, and no notice of representation had been filed. Therefore, California law required that a copy of any request to enter default be mailed directly to plaintiff (as defendant in the underlying action). Thus, it was irrelevant (and H&H objects on this ground) whether H&H had consent to communicate with plaintiff directly.

30. Object to the allegation as false and misleading. H&H admits that it knew that counsel represented plaintiff with respect to the *financial obligation* on which H&H had filed a lawsuit. But the italicized phrase "*PRA v. Serrano*" implies a lawsuit, and counsel did not represent plaintiff in the lawsuit; no responsive pleading had been filed, and no notice of representation had been filed. Therefore, California law required that a copy of any request to enter default be mailed directly to plaintiff (as defendant in the underlying action) and not on plaintiff's counsel.
31. Admit.
32. The allegations in paragraph 32 consist solely of plaintiff's state of mind, and as such H&H has no way of admitting or denying the allegations. On this basis, H&H denies.
33. Deny for reasons stated in paragraphs 29 and 30.
34. Deny for reasons stated in paragraphs 29 and 30 and also because Civil Code § 1788.14(c) does not apply to law firms.
35. Deny.
36. Deny.
37. Deny.
38. Deny.
39. Deny.
40. Deny.

### First claim for relief (FDCPA)

41. Defendant incorporates by reference all of the above paragraphs.
42. Deny.
43. Deny the paragraph in its entirety. Object to the allegation that "as a result of each…of Defendant's violations…Plaintiff is entitled to…statutory damages in an amount up to $ 1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A)," as an FDCPA plaintiff is entitled to a maximum of $ 1,000.00 per lawsuit, not per

violation.

## Second claim for relief (RFDCPA)

44. Defendant incorporates by reference all of the above paragraphs.
45. Deny.
46. Deny.

## AFFIRMATIVE DEFENSES

1. <u>Statute of Limitation</u>: Some or all of plaintiff's federal claims are barred by the one-year time limit codified at 15 United States Code § 1692k(d).
2. <u>Statute of limitation</u>: Some or all of plaintiff's state claims are barred by the one-year time limit codified at Civil Code § 1788.30(f).
3. <u>First Amendment</u>: Plaintiff's complaint alleges *only* actions and communications that were taken while defendant (on behalf of its client) was petitioning the government for a redress of grievances, for which due process including the California Code of Civil Procedure offers sufficient remedy; the First Amendment of the United States Constitution precludes the federal government from imposing statutory tort liability for any petitioning activity, and the Equal Protection Clause of the Fourteen Amendment extends this preclusion to state legislatures.
4. <u>Litigation Privilege</u>: The second claim for relief is barred by California Civil Code § 47(b).
5. <u>Bona Fide Error</u>: If any violation of 15 USC § 1692 *et seq.* occurred, the violation was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error.
6. <u>Bona Fide Error</u>: If any violation of Civil Code § 1788 *et seq.* occurred, the violation was not intentional and resulted notwithstanding the maintenance of procedures reasonably adapted to avoid any such violation.
7. <u>Statutory Correction</u>: If any violation of Civil Code § 1788 *et seq.* occurred,

then as permitted by Civil Code § 1788.30(d), H&H notified the debtor of the purported violation and made whatever adjustments or corrections were necessary to cure the violation with respect to the debtor within 15 days after discovering the violation or receipt of a written notice of such violation.

**Prayer for relief**

H&H respectfully requests that plaintiff take nothing and that judgment be entered in Hunt & Henriques's favor.

/s/ KAJ

Dated: March 26, 2019

Kurtiss A. Jacobs, LL.M. / Donald Sherrill, Esq.
Attorneys for Hunt & Henriques

# CERTIFICATE OF SERVICE

Re: Judith Serrano v. Hunt & Henriques, erroneously sued as Hunt & Henriques, Inc.
Case Number: 3:19-cv-00393-MMA-MDD
United States District Court, Southern District of California

I, the undersigned, declare as follows:

On the date below, I electronically filed with the Court through its CM/ECF program and served through the same program the following:

- **ANSWER TO COMPLAINT**

on the interested parties in said case as follows:

Roberto Robledo
9845 Erma Road, Suite 300
San Diego, CA 92131-1084

*Attorneys for Plaintiff Judith Serrano*

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Dated: March 26, 2019            /s/
                                 Samantha Downey
                                 Hunt & Henriques

Page 1 of 1
Certificate of Service
3:19-cv-00393-MMA-MDD
1151244.001